UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| F.G. CROSTHWAITE & RUSSELL E. BURNS, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>COOPER CRANE & RIGGING, INC.,<br><br>Defendant. | No. C 11-02866 JSW (LB)<br><br>**ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEF RE ATTORNEYS FEES** |

In the above-captioned matter, Plaintiffs F.G. Crosthwaite and Russell E Burns, *et al.*, filed a motion for default judgment. ECF No. 11.[1] Plaintiffs seek attorneys' fees. *Id.* at 6. Plaintiffs' counsel filed a declaration in support of the application for the award of attorneys's fees. Kaplan Declaration, ECF No. 13. The undersigned directs Plaintiffs' counsel to supplement her declaration to address the deficiency identified below.

A fee applicant must show that she exercised billing judgment in the preparation of the attorney's fee application and that the requested hours were reasonably expended (i.e., not duplicative, unproductive, excessive or otherwise unnecessary). *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Detailed billing records – e.g., hourly invoices – are generally required to assist the court in its determination of reasonable fees. *See, e.g.*, *Entm't Research Grp., Inc. v. Genesis*

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

1  *Creative Grp., Inc.*, 122 F.3d 1211, 1232 (9th Cir. 1997) ("[T]he district court abused its discretion by not requiring . . . original time records and billing statements."); *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

The court **ORDERS** Plaintiffs to file the supplemental declaration by September 26, 2011, and to email the billing records in Wordperfect, Microsoft Word, or Microsoft Excel format to lbpo@cand.uscourts.gov.

**IT IS SO ORDERED**

Dated: September 15, 2011

LAUREL BEELER
United States Magistrate Judge