UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| F.G. CROSTHWAITE & RUSSELL E. BURNS, as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al,<br><br>Plaintiffs,<br>v.<br>COOPER CRANE & RIGGING, INC., *dba* ASSOCIATED DOCK ENTERPRISES, INC. and *dba* WESTERN DOCK ENTERPRISES,<br><br>Defendants.<br>_____/ | No. C 11-02866 JSW (LB)<br><br>**ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEF RE DAMAGES** |

In the above-captioned matter, Plaintiffs F.G. Crosthwaite and Russell E Burns, *et al.*, filed a motion for default judgment. ECF No. 11.[1] Plaintiffs seek damages in the form of unpaid contributions, liquidated damages, and interest incurred thereon. *Id.* at 6. Plaintiffs' collections manager filed a declaration in support of the application for the award of damages. Hayner Declaration, ECF No. 12. The court now directs David E. Hayner to supplement his declaration to address the deficiencies identified below.

Plaintiffs fail to properly show in detail its calculations for each category of damages requested. Attached to Hayner's declaration is a document entitled "Employer History," which allegedly

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 11-02866 JSW (LB)
ORDER RE DAMAGES

1 reports the remaining balance of contributions due, as well as the balance of liquidated damages and
2 interest that remain due as of August 23, 2011. Hayner Declaration, ECF No. 12 at 3, ¶ 7, and Ex. F,
3 ECF No. 12-1 at 6. However, the chart lacks the necessary detail to decipher how the final balances
4 due for the liquidated damages and interest were calculated. As stated in Hayner's declaration, the
5 liquidated damages prior to December 2009 were the greater of $35.00 or 15% of the amount of
6 delinquent contributions, and after December 2009, the liquidated damages were 10% of the
7 delinquent contributions. Hayner Declaration, ECF No. 12 at 3, ¶ 5. In order to calculate the
8 liquidated damages and interest, the exact amount of contributions that were paid must be known, as
9 well as the exact date, and to which month the payments were attributed.

10     A supplemental document attached to the declaration entitled "Employer Statement" purports to
11 reflect payments made by the employer for two of the Defendants' four accounts and "the reduction
12 of the running total of the contribution balance due after each partial payment was received and
13 allocated." Hayner Declaration, ECF No. 12 at 5, ¶ 10. However, the summary is insufficient. The
14 resulting figures for the contributions, liquidated damages, and interest in the "Employer History" do
15 not correspond to the payments made in the "Employer Statement." This may be in part due to the
16 fact that the "Employer Statement" in Exhibit G only accounts for two of the four accounts. But
17 Plaintiffs provide no explanation for how they arrived at their figures in the "Employer History"
18 chart, and therefore it is impossible to determine how much contributions, liquidated damages, and
19 interest are owed by Defendant. Plaintiffs must provide the appropriate explanations for how the
20 liquidated damages and interest were calculated based on the exact time and amount of contributions
21 paid or left unpaid.

22     In sum, the court finds that the application for default judgment and supporting declaration are
23 insufficient to evaluate the requested damages as is necessary for a report and recommendation.
24 Accordingly, the court **ORDERS** Plaintiffs to submit, by September 29, 2011, a supplemental
25 declaration establishing the contributions that remain unpaid and due, and the resulting balance of
26 the liquidated damages and the interest thereon owed by Defendants. In doing so, Plaintiffs shall
27 submit the Employer Statements for the remaining two Defendants' accounts, as well as detailed
28 explanations for how the damages were calculated, as described above. Plaintiffs also shall submit

C 11-02866 JSW (LB)
ORDER RE DAMAGES     2

1 the requested financial information in a Microsoft Excel file to the court's proposed orders email
2 address (lbpo@cand.uscourts.gov).
3 **IT IS SO ORDERED.**
4 Dated: September 15, 2011



LAUREL BEELER
United States Magistrate Judge

Case3:11-cv-02866-JSW Document23 Filed09/15/11 Page4 of 4