**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  F. G. CROSTHWAITE, et al., as Trustees of
   the OPERATING ENGINEERS HEALTH
10 AND WELFARE TRUST FUND, et al.,              No. C 11-02866 JSW

11            Plaintiffs,

12    v.                                         **ORDER DENYING TEMPORARY
                                                 RESTRAINING ORDER AND**
13 COOPER CRANE & RIGGING, INC., a               **APPLICATION FOR WRIT OF**
   California Corporation dba ASSOCIATED         **ATTACHMENT**
14 DOCK ENTERPRISES, INC. and dba
   WESTERN DOCK ENTERPRISES,
15
              Defendants.
16 _____/

17

18        Now before the Court for consideration is the *ex parte* application for a temporary

19 restraining order ("TRO") filed by Plaintiffs, or in the alternative, an application for a writ of

20 attachment.  In order to obtain a temporary restraining order or preliminary injunctive relief,

21 Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer

22 irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

23 favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense*

24 *Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted).  The *Winter* court also

25 noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon

26 a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek*

27 *v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).  Thus "[i]n each case, courts 'must

28 balance the competing claims of injury and must consider the effect on each party of the

   granting or withholding of the requested relief.'"  *Id*. at 376 (citing *Amoco Production Co. v.*

1    *Gambell*, 480 U.S. 531, 542 (1987)).  On an ex parte motion for a TRO, the moving plaintiff

2    must allege "specific facts in an affidavit or a verified complaint clearly show that immediate

3    and irreparable injury, loss, or damage will result to the movant before the adverse party can be

4    heard in opposition."  Fed. R. Civ. Proc. 65(b)(1)(A).  Plaintiffs fail to meet this standard.

5         On October 18, 2011, Magistrate Judge Laurel Beeler issued a report and

6    recommendation ("Report") to award Plaintiffs $697,317.37 in delinquent contributions and

7    $31,508.50 in attorneys' fees.  Pursuant to the Report, as well as Federal Rule of Civil

8    Procedure 72(b), Defendant has fourteen days to file any objections to the Report.  However,

9    because Plaintiffs served Defendant with a copy of the Report by mail (*see* Docket No. 36),

10   Defendant's time to file objections was extended three more days.  *See* Fed. R. Civ. P. 6(d).

11   Therefore, Defendant's objections, if any, are not due to be filed until November 4, 2011.

12        Moreover, Plaintiffs fail to demonstrate that they will suffer irreparable harm if the

13   Court does not issue the TRO.  Plaintiffs argue that "[o]ver the past few weeks, it has become

14   clear that events which are likely to have a direct effect upon Defendant's debts to Plaintiffs

15   have begun to rapidly escalate."  However, the facts Plaintiffs present show that Defendant will

16   soon have a greater ability to pay any debt to Plaintiffs, not less.  Accordingly, the Court

17   DENIES Plaintiffs' application for a TRO.  The Court FURTHER DENIES Plaintiffs'

18   alternative application for a writ of attachment without prejudice to refiling once a judgment is

19   entered.

20        **IT IS SO ORDERED.**

21

22   Dated: November 2, 2011

23                                                          JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE

24

25

26

27

28

United States District Court
For the Northern District of California